**Shoshana ISAKOV, Petitioner,**

**v.**

**Alberto GONZALES,\* United States Attorney General, Respondent.**

**Docket No. 02–4232.**

United States Court of Appeals, Second Circuit.

Sept. 23, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Alberto Gonzales for former Attorney General John Ashcroft as the respondent in this case.

Irina Kogan, Brooklyn, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Sara L. Shudofsky, Assistant United States Attorney), New York, NY, for Respondent, of counsel.

Present: OAKES, KEARSE and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Shoshana Isakov, a citizen of Israel, petitions for review of a order dated May 30, 2002, of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") December 10, 1999, denial of her application for asylum and withholding of removal. In her petition to this Court, Isakov, a Messianic Jew, argues that (1) the IJ erred in failing to consider all the evidence contained in the record in reaching her determination, and that (2) Isakov has established a well-founded fear of persecution based on her religion should she return to Israel.

Because the BIA summarily affirmed the decision of the IJ, this Court reviews the decision of the IJ directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings for "substantial evidence." *Id.* at 307. "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000)). To reverse under this standard, "we must find that the evidence not only *supports*" the opposite conclusion, "but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphases in original).

Isakov must demonstrate that she has been subjected to past persecution or that she has a well-founded fear of future persecution to succeed in her claim that she is entitled to asylum. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Acts of persecution are not limited to "threats to life or freedom," but the "conduct must rise above mere harassment." *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (internal quotation marks and citation omitted). The law provides protection from persecution by the government and also by groups that the government is unable to control. *See Sotelo–Aquije v. Slattery,* 17 F.3d 33, 37 (2d Cir.1994).

In her petition to this court, Isakov does not make a claim of past persecution. To the extent that her amended affidavit alleges past persecution at all, the only specific incidents mentioned—that on one occasion a fellow passenger on a bus took a bible out of her hands and hit her with it, and that her employer threatened to fire her if she mentioned Jesus Christ—do not rise to the level of persecution. *Cf. Tian–Yong Chen,* 359 F.3d at 127–28.

To demonstrate that she has a well-founded fear of future prosecution, Isakov must establish that she in fact fears

persecution, and that her fear is objectively reasonable. *See Melendez v. U.S. Dep't of Justice*, 926 F.2d 211, 215 (2d Cir.1991). Isakov may satisfy the objective element of her claim by "establish[ing] that there is a pattern or practice in … her country of nationality … of persecution of a group of persons similarly situated to [her] on account of race, religion, nationality, membership in a particular social group, or political opinion" and "her own inclusion in, and identification with, such group of persons such that … her fear of persecution upon return is reasonable." 8 C.F.R. § 208.13(b)(2)(iii).

Upon a thorough review of the record, we conclude that substantial evidence supports the IJ's conclusion that Isakov failed to establish a well-founded fear of persecution, and we therefore deny her petition. Even assuming that Isakov possessed a genuine subjective fear of future persecution, we conclude that substantial evidence supports the IJ's determination that Isakov has not established an objectively reasonable fear of future persecution.

None of the acts Isakov personally experienced rose above "mere harassment" and they therefore are insufficient to establish a well-founded fear of future persecution. Other evidence in the record is also insufficient to support her claim. Contrary to Isakov's contentions, the IJ did not ignore the evidence in the record in reaching her determination. Instead, the IJ properly considered the origin and content of the various sources that Isakov provided in support of her application, ultimately determining that the State Department reports submitted by Isakov were the "most objective" evidence offered in this case. IJ Decision at 10. The IJ correctly noted that those reports indicate that "the government of Israel does act to protect its citizens" and supports freedom of religion, "both in law and practice," even if "their

efforts in doing so in practice have not been perfect." *Id.* at 9. Although one of the reports states that "Evangelical Christian and other religious groups … have complained that the [Israeli] police have been slow to investigate incidents of harassment, threats, and vandalism," U.S. Dep't of State Annual Report on Int'l Religious Freedom for 1999: Israel, Sept. 9, 1999, *available at* http://www.state.gov/www/global/human_rights/irf/irf_rpt/1999/irf_israel99.html (last visited, Sept. 15, 2005), that allegation and the other evidence provided in the reports do not compel the finding that there is a "pattern or practice" of acts constituting persecution against Messianic Jews or that the government is unable or unwilling to prevent any such persecution. The other sources that Isakov provides do not alter our assessment. Thus, the record as a whole does not support—much less compel—a finding that Isakov has a well-founded fear of persecution should she return to Israel.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.